Lesta RAMEY and Alka Ramey,
Petitioners,

v.

COMMISSIONER OF INTERNAL REV-
ENUE, Respondent.

No. 17993.

United States Court of Appeals
Sixth Circuit.

July 1, 1968.

John A. Dunkel, Columbus, Ohio (John A. Dunkel, Porter, Stanley, Treffinger & Platt, Columbus, Ohio, on the brief), for petitioners.

Thomas L. Stapleton, Dept. of Justice, Washington, D. C., Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Grant W. Wiprud, Thomas L. Stapleton, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before CELEBREZZE, PECK and McCREE, Circuit Judges.

ORDER.

Petitioner, a coal miner, seeks review of a Tax Court decision holding that he is not entitled to deduct a percentage depletion allowance from the gross income from the sale of certain coal in which the Petitioner allegedly had an economic interest. See §§ 611(a), 613 (a) and (b), and 631(c), Internal Revenue Act of 1954. The Tax Court found that the Petitioner did not have an economic interest in the coal. That determination presents the sole issue raised by this appeal.

The determinative facts of this case are almost identical to the facts of Parsons v. Smith, 359 U.S. 215, 79 S.Ct. 656, 3 L.Ed.2d 747 (1959), and Paragon Jewel Coal Co. v. Commissioner of Internal Revenue, 380 U.S. 624, 85 S.Ct. 1207, 14 L.Ed.2d 116 (1965) in that the owner of the land from which the coal was mined was also the sole purchaser of the coal. Those cases and other cases concerning a determination of whether a taxpayer has an "economic interest" in certain property make it clear that the determination depends

upon the totality of the facts of each case. Important, if not decisive, considerations are the intent of the parties and the making of some capital investment in the minerals by the taxpayer. In the instant case, the Tax Court found that the owner of the land from which the coal was mined did not intend to surrender any capital interest in the coal to the taxpayer and that an alleged royalty paid under an agreement with the landowner was "* * * no more than an offset or reduction in the price [paid] * * *". We cannot say that those findings are clearly erroneous. Cf. Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960).

It is therefore ordered that the decision of the Tax Court be, and it is, hereby affirmed.